## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No. CR-24-467-SLP |
| | ) |
| NASIR AHMAD TAWHEDI, | ) |
|    a/k/a Nasir Ahmad Tawhedi, | ) |
|    a/k/a "@Abu_Omir," | ) |
| | ) |
| Defendant. | ) |

### JOINT MOTION TO CONTINUE TRIAL

COMES NOW, Plaintiff, by Robert J. Troester, United States Attorney for the Western District of Oklahoma, through Matt Dillon, Mark Stoneman and Jessica Perry, Assistant United States Attorneys; George Kraehe and Everett McMillian, Trial Attorneys, National Security Division; and Defendant, Nasir Ahmad Tawhedi, through his attorney of record, Craig Hoehns, and move this Court, pursuant to Rule 12.1(e) of the Local Rules for the Western District of Oklahoma, for an order continuing the trial from the January 2025 trial docket. In support of this motion, the parties submit the following:

    1.    On October 7, 2024, the Defendant was arrested on a probable cause arrest in the Western District of Oklahoma.

    2.    On October 8, 2024, the Defendant made his initial appearance and a criminal complaint (Doc. 1) was filed charging him with: providing, attempting to provide, and conspiring to provide material support and resources to a designated foreign

terrorist organization, in violation of 18 U.S.C. § 2339B; and knowingly receiving, conspiring to receive, and attempting to receive firearms and ammunition to be used to commit a felony or Federal crime of terrorism, in violation of 18 U.S.C. § 924(h).

3. On October 17, 2024, the Court held a detention and probable cause hearing wherein it detained the Defendant pending trial and concluded that probable cause existed for the charged offenses. *See* Docs. 21 and 22.

4. On November 6, 2024, a federal grand jury returned a three-count Indictment (Doc. 26) charging Defendant with: Count 1, conspiring to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B; Count 2, attempting to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B; and Count 3, receiving, attempting to receive, and conspiring to receive a firearm and ammunition to be used to commit a felony or a Federal crime of terrorism in violation of 18 U.S.C. § 924(h).

5. The Defendant appeared before Magistrate Judge Shon T. Erwin on November 14, 2024, and entered a plea of not guilty. The case was set for trial on January 13, 2025.

## LEGAL STANDARD

6. The Court may properly exclude certain periods of delay in computing the time within which trial must commence under the Speedy Trial Act. Specifically, under 18 U.S.C. § 3161(h)(7)(A), the Court may exclude a period of time from the speedy trial period where it finds that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* A continuance may

be granted "by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government." *Id.* In considering whether to grant a continuance requested under that provision, one of the factors the Court shall consider is:

> Whether the case is so unusual or complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii).

7. Here, the case is "unusual and complex" within the meaning of the above statute and thus a continuance of the trial is warranted.

## NATURE OF THE PROSECUTION

8. By way of background, the present charges stem from a complex investigation conducted by the Federal Bureau of Investigation ("FBI") involving international terrorism. The nature of the investigation and the fact that national security issues were involved required portions of the investigative file to be classified. Although the FBI has begun the process of declassifying much of the investigative file, declassification is a burdensome and time-consuming process that will require more than the standard time period set out for discovery in this Court's local rules. Additionally, evidence such as cell phones and other electronic media were not seized until search warrants were executed after the arrest of the Defendant on October 8, 2024, and these will take a substantial period of time to inspect for further evidence. Finally, much

3

of the evidence in this case involves a foreign language (specifically, Dari), and requires translation from a limited number of Dari translators.

9. The prosecution's evidence related to the present case was collected from multiple sources including: multiple video and audio recorded consensual recordings, search warrants, physical surveillance, and documents and information obtained through various other means. As explained further below, much of this evidence will need to be declassified before it can be disclosed to defense counsel in accordance with the Government's discovery obligations.

10. As explained more fully below, these factors will necessitate a timeline to trial that exceeds the standard discovery deadlines set forth in 18 U.S.C. § 3161, LCrR12.1, and LCrR16.1.

## COMPLEXITY OF THE CASE

11. As stated, the Government expects that issues of discovery, disclosure, and/or use of classified information will arise during the case. The use of classified information in this prosecution is governed by the Classified Information Procedures Act ("CIPA"), 18 U.S.C. App. III, § 2. CIPA is a set of procedures by which federal courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. *United States v. Baptista-Rodriquez*, 17 F.3d 1354, 1363 (11th Cir. 1994). In substance, CIPA entails a layer of procedures designed to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the Government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996).

12. The various CIPA procedures that must be followed when dealing with classified information will undoubtedly cause delay in preparing the present case for pretrial motions and trial. In *United States v. Warsame*, CR 04-29 (JRT), *Memorandum Opinion and Order Denying Defendant's Motion to Dismiss*, (D. Minn. March 8, 2007) (available as 2007 WL 748281), the court noted that a complex case finding under Section 3161(h)(7) was justified in part because of the delays attributable to CIPA. *Id*. ("major complication owing to the justifiable delays in this case is the invocation of CIPA."); *see also United States v. Noriega*, 748 F. Supp. 1548, 1559 (S.D. Fl. 1990) (complex case finding based on, *inter alia*, discovery including many classified documents subject to elaborate security measures as well as the "time-consuming procedures in CIPA").

13. The Government has requested a pretrial conference pursuant to Section 2 of CIPA to consider matters relating to classified information that may arise in connection with the prosecution. Under CIPA Section 2, such matters include the timing of discovery requests, the timing of filing of CIPA motions, and "any matters which relate to classified information or which may promote a fair and expeditious trial." The Government has also requested that the Court appoint a Classified Information Security Officer (CISO) to assist the court with logistics and processes for producing, storing, filing and handling classified information.

14. The volume of documents and evidence collected in the present matter is substantial. Given the number of documents, the nature of evidence collected that is currently classified, and the multiple issues involved in the discovery process, the

Government requests that the case be declared complex. Further, as noted above, because some of the evidence implicates CIPA, various procedural strictures will need to be followed in advance of any disclosure. The defense will need sufficient time to review, analyze, and investigate the evidence such that it can intelligently pursue pretrial motions, consider whether to retain experts, and mount a vigorous defense.

15. Similarly, the Government requires extra time to ensure that it has adequate opportunity to make full review of the evidence before declassification and disclosure, and to ensure that CIPA's procedural dictates are followed.

16. For the above-stated reasons, the parties submit that it not possible for the Defendant or the Government to prepare adequately for pretrial proceedings and trial within the short time limits established by the Speedy Trial Act, or to comply with the deadlines normally imposed by LCrR12.1 and LCrR16.1, and that a reasonable continuance is appropriate pursuant to Title 18, United States Code, Section 3161(h)(7)(A). Therefore, the parties moves the Court for an order stating that any continuances granted pursuant to this request will constitute excludable delay for purposes of all relevant time limits established by the Speedy Trial Act and finding that the ends of justice served by such continuances outweigh the best interests of the defendant and the public in a speedy trial under 18 U.S.C. § 3161(h)(7)(B)(ii).

17. Alternatively, even if the Court were to find that, as a whole the case is not so unusual or complex as to fall within clause (B)(ii), it should find that failure to grant a continuance in this terrorism case would deny the attorneys for the Government the reasonable time necessary for effective preparation taking into account the exercise of

due diligence under (B)(iv).  Thus, the Government submits that the Court should find that a continuance of the case on the above grounds satisfies the ends of justice and outweighs the best interests of the public and the Defendant's right to a speedy trial; *see* 18 U.S.C. § 3161(h)(7)(A); and that the failure to grant a continuance would result in a miscarriage of justice.  18 U.S.C. § 3161(h)(7)(B)(i).

18. At this time, it is difficult to specify the exact length of the continuance that is necessary in the interests of justice because it is so early in the proceedings that the complex issues referred to in this motion have not been fully developed, and it is similarly difficult to provide a meaningful estimate of how much time will be needed to adequately prepare this matter for trial.  Although generally, open-ended continuances under Section 3161(h)(7) are disfavored, *see United States v. Spring*, 80 F.3rd 1450, 1457 (10th Cir. 1996) (it is preferable to set a specific ending date for a continuance, there will be rare cases where that is not possible, and an open-ended continuance for a reasonable time period is permissible), the parties submit that here the Court should enter an order continuing the matter without date, finding excludable delay from the date of the defendant's arraignment on November 14, 2024, and requiring the parties to propose a new motion and trial schedule no later than 30 days from the date of the order entered on this motion.

19. This motion is not made for the purposes of delay, but to best serve the interests of justice.

20. Defendant joins in this motion for the requested continuance.

21. Counsel for Defendant met with Defendant to discuss this continuance and executed a Waiver of Speedy Trial on December 27, 2024 (Ex. 1).

22. The continuance sought is reasonable and necessary to the prosecution and Defendant for adequate trial preparation.

23. No previous motions for continuance of the jury trial have been made by either party.

24. This motion will impact other deadlines in this case.

25. The parties respectfully requests that this court continue the jury trial and all other deadlines until the next available trial docket.

## CONCLUSION

For the reasons stated above, the Government asks the Court to (1) designate this case as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii); (2) direct that LCrR12.1 and LCrR16.1 do not apply to this case; and (3) permit the parties to submit a joint scheduling order within 30 days of the entry of an order designating this case as complex for review and acceptance by the Court.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/*Matt Dillon*
MATT DILLON
Oklahoma Bar No.  19321
JESSICA PERRY
Oklahoma Bar No. 22681
MARK STONEMAN
Oklahoma Bar No.  22730
210 Park Avenue, Suite 400

Oklahoma City, Oklahoma 73102
(405) 553-8700(Office)
(405) 553-8888 (Fax)
Matthew. Dillon@usdoj.gov
Jessica.Perry2@usdoj.gov
Mark.Stoneman@usdoj.gov

GEORGE KRAEHE
EVERETT MCMILLIAN
Counter Terrorism Section
National Security Division
United States Department of Justice
950 Pennsylvania Ave., NW
Washington , DC 20530
George.Kraehe@usdoj.gov
Everett.McMillian2@usdoj.gov

s/*Craig M. Hoehns*
Attorney for the Defendant
Oklahoma Bar No. 21700
Hoehns Law Office, PLLC
5600 N. May Ave., Suite 310
Oklahoma City, OK 73112
(405) 500-2125 (Office)
(405) 543-1354 (Fax)
Craig.Hoehns@hoehnslaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2025, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, which will automatically send e-mail notification of such filing to: Craig Hoehns

s/ *Matt Dillon*
Assistant U.S. Attorney