### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. CR-24-467-SLP |
| v. ) | |
| ) | |
| NASIR AHMAD TAWHEDI, ) | |
| a/k/a Nasir Ahmad Azizi, ) | |
| a/k/a "@Abu_Omir," ) | |
| ) | |
| Defendant. ) | |

### **O R D E R**

Before the Court is the parties' Joint Motion to Continue Trial [Doc. No. 36]. In support of the Motion, Defendant has also submitted a Waiver of Right to Speedy Trial [Doc. No. 36-1]. The parties request a continuance of this matter from the January 13, 2025 trial docket on grounds that this is a complex case or, alternatively, that a failure to grant a continuance would deny the attorneys for the Government the reasonable time for effective preparation of their case, taking into account the exercise of due diligence. The parties do not request a specific period of time for the continuance and instead request an "open-ended" continuance.

Defendant is charged in a three-count Indictment with: (1) Conspiracy to Provide Material Support or Resources to a Designated Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B; (2) Attempt to Provide Material Support or Resources to a Designated Foreign Terrorist Organization, in violation of 18 U.S.C. § 2339B; and (3) Receipt of a Firearm and Ammunition to be Used to Commit a Felony or a Federal Crime

of Terrorism, in violation of 18 U.S.C. § 924(h). Defendant was arraigned on November 14, 2024 and his trial was set on the January 2025 trial docket. This is the first request for a continuance in this matter.

This case involves an investigation by the Federal Bureau of Investigation (FBI) involving international terrorism. Discovery is substantial and a significant amount of classified information is at play. The Court has previously ordered, pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. App. III, § 2, and upon request of the Government, a Pretrial Conference and Designation of a Classified Security Information Officer. *See* Order [Doc. No. 34]. The protections and security measures required by CIPA necessarily entail additional procedures that contribute to delay in trial preparation and readiness. Additionally, much of the evidence in this case involves a foreign language (specifically, Dari), and requires translation from a limited number of Dari translators.

Upon review and for reasons more fully set forth in the Motion and based on the representations of counsel for the parties at the docket call conducted on December 30, 2024, the Court finds this case is complex and that a continuance is warranted on that basis. *See* 18 U.S.C. § 3161(h)(7)(B)(ii). Alternatively, the Court finds that if the requested continuance were not granted, it would deny the attorneys for all parties reasonable time for effective preparation of the case, taking into account the exercise of due diligence. *Id.* § 3161(h)(7)(B)(iv). Accordingly, the Court finds the ends of justice served by granting the continuance outweigh the best interest of the public and Defendant in a speedy trial. *Id.*, § 31617(A).

Although the parties request an open-ended continuance, the Court finds it preferable to grant a continuance to the April 2025 trial docket.  In the interim, the Court anticipates that the CIPA pretrial conference will be completed and a scheduling order entered.  If during that process it becomes apparent that additional time to prepare for trial is warranted, the parties may request a further continuance as may be appropriate.

IT IS THEREFORE ORDERED that the parties' Joint Motion to Continue Trial [Doc. No. 36] is GRANTED.  This matter is STRICKEN from the January 2025 trial docket and continued to the April 2025 trial docket.  The period of delay resulting from this continuance is excludable under the Speedy Trial Act.

IT IS SO ORDERED this 30th day of December, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE