IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) No.   CR-24-467-SLP |
| NASIR AHMAD TAWHEDI,<br> a/k/a Nasir Ahmad Azizi,<br> a/k/a "@Abu_Omir," | ) ) ) ) ) |
| Defendant. | ) |

### DEFENDANT'S PLEA STATEMENT
### IN SUPPORT OF JUDICIAL REMOVAL

Nasir Ahmad Tawhedi, the defendant in the above-captioned criminal proceeding, hereby states as follows:

1. My true and correct name is Nasir Ahmad Tawhedi.

2. I am a native and citizen of Afghanistan.

3. I have received a Notice of Intent to Request Judicial Removal (Notice). I am the person identified in that document. I hereby waive my right, pursuant to Section 238(c)(2)(A) of the Immigration and Nationality Act of 1952, as amended (INA), 8 U.S.C. § 1228(c)(2)(A), to have the Notice served upon me prior to the commencement of the trial or entry of a guilty plea in this case.

4. I have received from the United States the Application for, and Factual Allegations in Support of, Judicial Removal (Allegations). I hereby waive my right, pursuant to Section 238(c)(2)(B) of the INA, 8 U.S.C. § 1228(c)(2)(B), to have the

Allegations served 30 days prior to sentencing.

5. My rights in a judicial removal proceeding have been fully explained to me by my attorney, Craig Hoehns. After consultation with counsel and understanding the legal consequences of doing so, I knowingly and voluntarily waive the right to the notice and hearing provided for in Section 238(c)(2) of the INA, 8 U.S.C. § 1228(c)(2), and further waive any and all rights to appeal, reopen, reconsider, or otherwise challenge any order of removal. I understand the rights I would possess in a contested administrative proceeding and I waive these rights, including my right to examine the evidence against me, present evidence on my own behalf, and cross-examine witnesses presented by the United States. I understand these rights and waive further explanation by the Court.

6. I hereby admit that all of the factual allegations set forth in the Allegations are true and correct as written.

7. I hereby concede that I am a native and citizen of Afghanistan and I am inadmissible to the United States pursuant to:

   a. 8 U.S.C. § 1182(a)(7)(A)(i)(I), as an alien who is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document as required by the Immigration and Nationality Act, as amended;

   b. 8 U.S.C. § 1182(a)(3)(B)(i)(I), as an alien who has engaged in terrorist activity, to wit: providing, attempting to provide, and conspiring to provide material support and resources to a designated foreign terrorist organization in violation of 18 U.S.C. § 2339B; and

   c. that my conviction under 18 U.S.C. § 924(h), which is an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(E)(ii).

8. I hereby waive any and all rights I may have to any and all forms of relief or protection from removal, deportation, or exclusion under the INA, as amended, and related federal regulations. These rights include, but are not limited to, the ability to apply for the following forms of relief or protection from removal: asylum; withholding of removal under Section 241(b)(3) of the INA, 8 U.S.C. § 1231(b)(3); any protection from removal pursuant to Article 3 of the United Nations Convention Against Torture, including withholding or deferral of removal under 8 C.F.R. §§ 208.16-17 and 1208.16-17; cancellation of removal; adjustment of status (current or future); waivers under Sections 212(h) and 212(i) of the INA, 8 U.S.C. §§ 1182(h) and 1182(i); visa petitions; consular processing; voluntary departure or any other possible relief or protection from removal available under the Constitution, laws, or treaty obligations of the United States.

9. I agree to the entry of a stipulated judicial order of removal pursuant to Section 238(c)(5) of the INA, 8 U.S.C. § 1228(c)(5). I acknowledge that I have not been persecuted in, and have no present fear of persecution in Afghanistan, the country of my nativity and citizenship. I further acknowledge that I have not been tortured in, and have no present fear of torture in Afghanistan, the country of my nativity and citizenship.

10. I consent to the introduction of this statement as an exhibit in the record of these judicial removal proceedings. I further agree to make the judicial order of removal a public document, waiving my privacy rights, including any privacy rights that might exist under 8 C.F.R. § 208.6.

11. I agree to assist U.S. Immigration and Customs Enforcement (ICE) in the execution of my removal. Specifically, I agree to assist ICE in the procurement of any travel, identity, or any other documents necessary for my removal; to meet and cooperate with representatives of any country to which I may by statute be removed if ICE so requests; and to execute any forms, applications, or waivers needed to execute or expedite my removal. I further understand that my failure or refusal to assist ICE in the execution of my removal may subject me to criminal penalties under Section 243 of the INA, 8 U.S.C. § 1253.

12. I understand that my conviction, which constitutes an aggravated felony, makes me inadmissible and permanently ineligible to return to the United States. *See* 8 U.S.C. § 1182(a)(9)(A).

13. I concede that the entry of this judicial order of removal renders me permanently inadmissible to the United States. I agree that I will not enter, attempt to enter, or transit through the United States without first seeking and obtaining permission to do so from the Secretary of the Department of Homeland Security, or other designated representative of the U.S. government.

14. I will accept a written order issued by this Court for my removal from the United States to Afghanistan, and I waive any and all rights to challenge any provision of this agreement in any U.S. or foreign court or tribunal.

June 9, 2025
Date

NASIR AHMAD TAWHEDI
Defendant

June 9, 2025
Date

CRAIG HOEHNS
Attorney for the Defendant